IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kris Sarayn Kollyns, ) | C/A No. 3:04-2552-JFA |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| George Gintoli; Dr. Russell Hughes; ) | |
| Brenda Young-Rice; Dr. Beverly Woods; ) | |
| Dr. Pamela M. Crawford; and ) | |
| South Carolina Department of Mental ) | |
| Health (for injunctive relief), ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The *pro se* plaintiff, Kris Sarayn Kollyns, initiated this action against the defendants

1

pursuant to 42 U.S.C. § 1983. He has been involuntarily committed to the South Carolina Department of Mental Health ("SCDMH") as a Sexually Violent Predator ("SVP") pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10, *et seq*. He alleges that he suffers from gender identity disorder ("GID") and that the defendants refuse to provide him with medical and psychological treatment for the condition.

In a detailed and comprehensive Report and Recommendation filed with the court on June 9, 2005, the Magistrate Judge recommends that the defendants' motion for summary judgment be granted. The parties were advised of their rights to file objections to the Report. The plaintiff has filed a nine-page objection memorandum.

Plaintiff objects to the Magistrate Judge's finding that the plaintiff's claims should be analyzed under the Fourteenth Amendment and not the Eighth Amendment. However, in *Youngberg v. Romeo*, 457 U.S. 307, 325 (1982), the respondent, who was involuntarily committed in a state institution, filed a civil rights law suit asserting a violation of his constitutional rights. The United States Supreme Court held: "In this case, we conclude that the jury was erroneously instructed on the assumption that the proper standard of liability was that of the Eighth Amendment." *Id*. The Court instead found that the Fourteenth Amendment was the appropriate vehicle for the challenge. *Id*. Thus, this court finds that the Magistrate Judge's assessment was correct. The plaintiff's objection is overruled.

Plaintiff complains that the Magistrate Judge incorrectly found that the defendants were entitled to qualified immunity in both their official and individual capacities. The Magistrate Judge correctly notes that defendants are entitled to Eleventh Amendment

2

immunity from monetary damages in their official capacities. Likewise, the Magistrate Judge correctly analyzed the qualified immunity issue with respect to the defendants in their individual capacities. Therefore, this objection is overruled.

The remaining objections are repetitive of issues raised in plaintiff's response in opposition to the defendants' motion for summary judgment, and have been properly addressed by the Magistrate Judge. The court finds these remaining objections to be without merit.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto the court finds that the Magistrate Judge's Report fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference. The Report sets forth in detail the relevant facts involved in this case, and the court incorporates those facts as described in the Report without a recitation.

It is therefore ordered that the defendants' motion for summary judgment is hereby granted.

IT IS SO ORDERED.

August 12, 2005
Columbia, South Carolina

s/Joseph F. Anderson, Jr.
United States District Judge